IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS D. MCQUEEN, #177 303, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:20-CV-380-ECM ) [WO] |
| GROCERY STORE, *et al.*, | ) ) |
|    Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

    This matter is pending before the court on a 42 U.S.S. § 1983 complaint filed by Plaintiff Marcus McQueen, an inmate incarcerated at the Fountain Correctional Facility in Atmore, Alabama. Plaintiff filed this action on a non-prisoner complaint form; he alleges that clerks at a grocery store in Birmingham, Alabama, assaulted him, gave law enforcement officials false reports about him which caused him to be falsely arrested, and placed a "hit" on him. Upon review, the court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).[1]

### II.  DISCUSSION

    A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

---

[1] Upon initiation of this civil action, Plaintiff filed an application for leave to proceed *in forma pauperis*. Doc. 2.  However, under the circumstances of this case, the court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The city of Birmingham, Alabama, is within the jurisdiction of the United States District Court for the Northern District of Alabama.  The actions about which Plaintiff complains occurred at a store located in the Northern District of Alabama. Also, it appears that most material witnesses and evidence associated with Plaintiff's allegations are in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that, in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

It is ORDERED that **on or before July 16, 2020**, Plaintiff may file an objection to the Recommendation.  Plaintiff is advised he must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal

---

[2]In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 2nd day of July, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge